IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40095
Summary Calendar
_____


JIM CARROLL MARTIN,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director Texas
Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(3:93 CV 81)
_____
July 28, 1995

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

Jim Carroll Martin was convicted by a Texas state jury of aggravated sexual assault of his minor stepson and minor stepdaughter. He appeals the district court's denial of his petition for federal habeas corpus relief. We affirm.

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

DISCUSSION

A.    *The Admission of Hearsay Statements*

Martin argues that he received ineffective assistance of counsel in state court, because his counsel did not prevent the admission of certain hearsay testimony during the trial on his guilt.  Lois Price, an employee of the Texas Department of Human Services, testified for the prosecution about what the children told her in an interview that she had with them shortly after the older child had reported abuse to the children's mother.  The district court allowed this evidence pursuant to a Texas statute which permits hearsay testimony, in child abuse cases, about the first statement concerning the offense made by a minor victim to an adult.  Tex. Crim. Proc. Code Ann. § 38.072 (West Supp. 1995).  Martin argues that his attorney should have objected to Price's testimony on the grounds that the children did not make their first statements to Price.  He claims that, if his attorney had properly investigated the case, he would have discovered that the children first made statements about the offense to officer Benny Matthews at the Sheriff's Office.  He argues that his counsel should have called Matthews to testify so as to preclude Price from testifying.

Even if the performance of Martin's counsel was deficient, Martin cannot show that he suffered any prejudice.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  If Martin's counsel had found that Matthews first heard the children's story about their stepfather's abuse, then Matthews would have been the

2

proper witness to testify about the children's statements rather than Price. But, Martin cannot show that Matthews' testimony about the children's statements would be any more favorable to his case than the testimony of Price. The record indicates that the children saw Matthews and Price on the same day. The record does not show any difference in the stories about the abuse told to Matthews and Price. Also, the children themselves testified at trial about the abuse they suffered, so that Price's testimony added little in support of the prosecution's case. Price's testimony was presumably offered by the prosecution to support the children's testimony by showing that the children told the same story to an adult soon after the abuse was discovered. Matthews' testimony would have served that purpose as well as Price's testimony.

Martin also argues that Price's testimony should not have been admitted, because the prosecution did not comply with the procedural requirements of the Texas statute providing for the admission of Price's hearsay testimony. See Tex. Crim. Proc. Code Ann. § 38.072. Martin's counsel objected strenuously to Price's testimony on the grounds of noncompliance with the requisite procedure. Although Martin's counsel did not succeed on this point, he certainly provided "reasonable" assistance. See Strickland, 466 U.S. at 689.

Martin also complains that hearsay testimony by the children's mother was admitted. The record shows that the jury did not hear any hearsay testimony by the mother about the

3

children's statements to her relating to the sexual abuse. Martin's counsel objected to any such testimony by the mother. The court agreed that the mother could not testify about statements made to her by the children relating to the abuse, because the children did not make their first statements about the actual offense charged to their mother. Martin's counsel was successful, not deficient.

B.   *Jury Instructions on Punishment*

Martin also argues that he received ineffective assistance of counsel during the punishment stage of the trial. The trial judge gave the jury an instruction on Martin's future eligibility for parole which was incorrect under Texas law and which might have led the jury to believe that Martin would be eligible for parole sooner than he actually would be. Martin complains that his counsel was ineffective, because he failed to object to the instruction.[1] The state respondents concede that Martin's counsel should have objected. However, Martin again has failed to show prejudice. See Strickland, 466 U.S. at 687. He has not shown that there exists a probability that, but for counsel's

---

[1]    Martin also appears to request habeas relief on the grounds that the trial judge incorrectly instructed the jury as a point of error separate from the ineffective counsel claim. However, Martin's claim just asserts that the trial court failed to follow state law by instructing the jury incorrectly on Texas law regarding parole availability. We do not interfere with a state court's application of state law. Springer v. Coleman, 998 F.2d 320, 324 (5th Cir. 1993). In a habeas case, we decide only issues which involve federal constitutional concerns. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986). Martin does not allege a violation of any constitutional right other than the right to effective assistance of counsel.

4

deficiency, his sentence would have been "<u>significantly</u> less harsh." <u>Spriggs v. Collins</u>, 993 F.2d 85, 88 (5th Cir. 1993).

In deciding whether Martin suffered prejudice in the sentencing context, we must consider the actual sentence imposed, the minimum and maximum sentences possible, the relative placement of the actual sentence within that range, and any relevant mitigating and aggravating factors that were considered by the jury. <u>Id.</u> at 88-89. Martin's sentence of 20 years was at the lower end of the possible imprisonment range of 5 to 99 years. The jury heard graphic testimony about Martin's repeated sexual assault of a small boy and girl living in his home and under his care. Considering the aggravating circumstances of the case, the jury could easily have imposed a much harsher sentence. It is not likely that the jury would have given Martin a lower sentence if they had more clearly understood the rules of parole.

C. *Impartiality of the Jury*

Martin finally argues that his constitutional rights were violated because Cynthia Fox, the alleged secretary of a physician who examined the children, was allowed to remain on the jury. <u>See</u> <u>Irvin v. Dowd</u>, 366 U.S. 717, 722 (1961) (accused has constitutional right to be tried by an impartial jury). Although it is unclear whether Martin's argument is couched in terms of ineffective assistance or as a separate point of error, neither argument is availing.

Even assuming that Fox was employed by the physician, Martin has not shown that Fox was unable to serve as an impartial juror.

5

Nor can Martin argue that her presence on the jury prejudiced his defense. Martin claims that Fox was predisposed to believe the testimony of her employer, the physician. However, Martin relied heavily on the physician's testimony that he found no physical findings to verify the allegations of sexual abuse made by the children and could not make a conclusion that abuse had occurred. Fox's predisposition to believe this testimony would aid rather than harm Martin's defense.

Martin has also failed to show that his counsel's failure to remove Fox was anything less than a strategic decision. See Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994) (strategic choices are virtually unchallengeable). The jury panel consisted of many persons either related to, or familiar with, the parties. Martin's counsel may have chosen not to challenge Fox's presence on the jury, because Fox may have had less connection to the case than other proposed jury members. Also, Martin's counsel may have wished to keep Fox on the jury, believing that the physician's testimony was Martin's strongest defense and hoping that Fox would believe that testimony.

D.   *Appointment of Counsel and Evidentiary Hearing*

The district court did not err in refusing to hold an evidentiary hearing so that Martin could present his points of error. A federal court need not hold an evidentiary hearing on a habeas petition if the record is adequate to dispose of the claims. Wiley v. Puckett, 969 F.2d 86, 98 (5th Cir. 1992). As evidenced from the preceding discussion, Martin's claims are

readily disposed of without the necessity of creating further record in this case.  Nor did the district court err in denying Martin's requests for appointment of counsel.  No constitutional right to counsel exists in habeas corpus actions.  <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987).  The interests of justice would not be served by appointing counsel in this case.  <u>See</u> <u>Schwander v. Blackburn</u>, 750 F.2d 494, 502 (5th Cir. 1985).

AFFIRMED.